UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARY GEARIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CV72 CDP |
| DOLGENCORP, INC., et al., | ) | **Lead Case** |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs' counsel filed a motion to extend the deadline for disclosing expert witness and their reports, and the motion indicates that defendants consent. I will therefore grant the motion in this lead case, but plaintiffs are cautioned to read and follow the orders of this court.

Plaintiffs filed ten identical motions, one in each of the cases consolidated with this case. The order of consolidation and the Case Managment Order both specifically directed that *pleadings* (as defined in Rule 7(a), Fed. R. Civ. P.) and motions *directed to the pleadings* **only** are to be filed in the individual cases to which they relate. The order went on to state that "All other motions and papers, including those related to discovery or scheduling, should be filed in Case No. 4:09CV72 CDP only." A motion to extend the deadline for disclosure of expert witnesses is, obviously, a motion "related to discovery or scheduling." It should

not have been filed ten times.

My earlier orders were clear, and all counsel need to follow them. Doing otherwise makes extra work for everyone. If plaintiffs' counsel needs further instruction in docketing motions, counsel should contact my case management team in the Clerk's office.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for extension of time to disclose experts [#28] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate the motions for extension in the other related cases, as this Order applies to all consolidated cases, and I will not enter unnecessary orders in the other cases.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2008.