UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY GEARIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV72 CDP |
| | ) |
| DOLGENCORP, INC. et al., | ) **Lead Case** |
| | ) |
| Defendants. | ) |

**This Order Relates to:**
*Hogan v. Dolgencorp*, 4:09CV73
*Kuenz v. Dolgencorp*, 4:09CV75
*McGrath v. Dolgencorp*, 4:09CV76
*Zweifel v. Dolgencorp,* 4:09CV77
*Underwood v. Dolgencorp*, 4:09CV78
*Noll v. Dolgencorp*, 4:09CV81
*Rinker v. Dolgencorp,* 4:09CV82

## MEMORANDUM AND ORDER

Eight of the plaintiffs in these consolidated cases, along with defendants, have filed a joint motion requesting that the Court approve their settlements. Because the parties have not provided sufficient information for me to conduct the required fairness evaluation, however, I will withhold ruling on the motion pending the receipt of additional information.

The plaintiffs' claims were brought under the Fair Labor Standards Act,

29 U.S.C. § 216(b). A district court may only approve a settlement in a case brought under § 216(b) after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Moore v. Ackerman Investment Co.*, No. C 07-3058 MWB, 2009WL2848858, at *2 (N.D. Iowa Sept. 1, 2009). When reviewing settlements under the FLSA, courts regularly consider the same fairness factors typically applied to a Rule 23 class action. *Moore*, 2009 WL 2848858 at *2; *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718-19 (E.D.La. 2008). A district court must give "comprehensive consideration" to all relevant factors. *Brask v. Heartland Auto. Servs. Inc.*, No. 06-CV-00011 RHK/AJB, 2006 WL 2524212, at *2 (D. Minn. Aug. 15, 2006).

Eight of the ten plaintiffs involved in these consolidated cases have agreed with defendants to settle their cases, and the motion they filed jointly with defendants asserts that the settlements are fair and should be approved. The parties also filed a sealed statement of the confidential settlement amounts, along with a stipulation agreeing that the settlements are fair, that they were negotiated at arms length by experienced counsel, and that they

reflect reasonable compromises concerning bona fide disputes.

The parties did not provide the settlement agreements themselves, nor did they provide sufficient evidence from which I can conclude that these settlement amounts are reasonable. While I understand the risks of the litigation generally and have read the summary judgment motion filed in one of the non-settling cases (*Kanatazer v. Dolgencorp*. 4:09CV73), which provides a portion of the plaintiffs' damage expert's report, I need more information before I can approve the settlement. For example, I need to know generally the amount and type of discovery that was undertaken before the settlements were reached, the amount of time spent by counsel and the parties in negotiating or discussing the settlements, and the experience and qualifications of counsel. I also must review the actual settlement agreements.

I will therefore give the parties 30 days to supplement their filing, and will hold the motion in abeyance until more information is provided.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall, within 30 days, file supplemental materials sufficient to allow me to determine the fairness of the

proposed settlement.

**IT IS FURTHER ORDERED** that any confidential portions of the supplemental materials may be filed under seal.

**IT IS FURTHER ORDERED** that all pending motions for leave to file documents under seal and to exceed the page limits are granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2010.